IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRY WAYNE CASTLEBERRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0154 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner TERRY WAYNE CASTLEBERRY has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he requests his 25-year sentence be credited with "street time" for the period of February 9, 2001 to January 13, 2006. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion petitioner's federal habeas application should be denied.

I.
PETITIONER'S ALLEGATION and PROCEDURAL HISTORY

In support of his contention that he is being held in violation of the Constitution and laws of the United States, petitioner presents the following argument:

> "Because of the new Constitutional Rule created by *Booker* and *Blakely* my rights have been elevated. I am not being ordered to serve a fragment of my sentence beyond the 25 years I was sentenced to. . . . I am not challenging my original conviction . . . because my claim arises from the execution of a sentence, as opposed

>  to the imposition of a sentence.  I maintain that the New Constitutional Rule applies to
>  the decisions of a parole board with the same weight and force as applied to a trial
>  court.  The parole board insists upon applying it's guidelines which are hopelessly
>  conflicted . . . this decision making constitutes an unreasonable application of clearly
>  established federal law as determined by the United States Supreme Court.

Petitioner identifies his claim as "street time" and requests this Court "grant his street time" for the period February 9, 2001 to January 13, 2006.

Petitioner advises he is currently serving a 25-year sentence as a result of a September 1993 conviction for the offense of burglary of a habitation out of the 251st Judicial District Court of Potter County, Texas.  The online TDCJ-CID Offender Information Detail reflects petitioner's current offense data as two (2) burglary of a habitation convictions on September 8, 1993 wherein petitioner was assessed a 25-year sentence in each case, three (3) burglary of a building convictions on September 28, 1993 wherein petitioner was assessed a 20-year sentence in each case, and a September 8, 1993 conviction for aggregated theft wherein petitioner was assessed a 5-year sentence.[1]  Based on petitioner's allegations, it appears petitioner was released from TDCJ-CID confinement on conditional release to parole on February 9, 2001, but such conditional release was revoked on or about January 13, 2006, and petitioner was returned to custody.  Petitioner appears to argue the forfeiture and denial of street time credits for the time he was on parole has unconstitutionally extended his sentence.

II.
<u>STREET TIME AS CALENDAR TIME</u>

The only argument petitioner makes in support of his claim that he is constitutionally entitled to approximately five (5) years of street time credits toward his 25 and 20-year sentences for the

---

[1] The detail also reflects petitioner became eligible for parole on September 16, 2002, that his projected release date is June 17, 2010, and his maximum sentence date is February 29, 2020.

period of time he was out-of-prison on parole is the *Booker/Blakely* claim outlined above. A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If granted early release, a Texas parole violator has no constitutional right, as a matter of federal due process, to credit on his sentence for time spent on parole. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5 Cir.1997); *Newby v. Johnson,* 81 F.3d 567, 569 (5 Cir.1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5 Cir.1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5 Cir.1972). Consequently, petitioner has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5 Cir.2001); *Morrison v. Johnson,* 106 F.3d 127, 129 (5 Cir.1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). Under Texas statutory law, however, certain offenders who have their parole or mandatory supervision revoked on or after September 1, 2001, may be entitled to credit for the portion of time they spent on parole or mandatory supervision.[2] *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.Crim.App. 2004).

Section 508.283 applies to petitioner's case given that his parole revocation appears to have occurred after September 1, 2001, however, petitioner does not qualify for relief under § 508.283(c)

---

[2]Section 508.283 provides, in relevant part:

(c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is <u>greater than</u> the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served <u>without credit</u> for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is <u>less than</u> the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served <u>without credit</u> for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Tex. Gov't Code Ann § 508.283(c) (emphasis added).

because petitioner has not shown the remaining portion of his 25- and 20-year sentences is less than the amount of time he spent out on parole, *i.e.*, the approximately five (5) years of street time he seeks in this proceeding.

Petitioner does not have a liberty interest grounded in either state law or the federal Due Process Clause that would require respondent to credit petitioner with the street time he spent on parole. Petitioner has thus failed to state a federal constitutional violation so as to entitle him to federal habeas relief. Petitioner's claim should be DENIED.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus filed by petitioner TERRY WAYNE CASTLEBERRY be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 16th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).